[Singleton v. State.]

# Singleton *v.* State.

## *Habcas Corpus.*

[DECIDED JUNE 30, 1906.]

1. *Habeas Corpus; Return of Writ; Legal Restraint.*—A person is, *prima facie* legally in restraint .when the return to the writ of habeas corpus shows; first, a requisition for such person made by the executive of another state from which it is alleged such person fled; 2nd, A copy of the indictment or affidavit certified as authentic by the executive of the State making the requisition demand; and 3rd, the warrant of the Governor of this State authorizing such person's arrest and detention.

2. *Same; Executive Warrant; Contents.*—In the absence of the requisition of the executive of the other State on the return writ, the recitals in the warrant of the Governor of this State of the jurisdictional facts, are *prima facie* sufficient to show that all the necessary prerequisites have been complied with.

3. *Same; Evidence; What Defendant may Show.*—When the return to the writ of habeas corpus makes out a prima facie case of legal detention, the person detained may show that the process is void, or that he is not a fugitive from justice; but, the merits of the crime charged cannot be inquired into by the courts of this State.

APPEAL from Pike Probate Court.
Heard before Hon. A. C. EDMONDSON.

This is an appeal from a judgment and order of the judge of probate of Pike county on habeas corpus proceedings denying petitioner relief and remanding him to the custody of the sheriff of Pike county. The appellant was arrested in Pike county upon a warrant issued by the Governor of this State on requisition of the Governor of Florida charging that the appellant was a fugitive from justice from the State of Florida, having been duly charged with the commission of the crime of embezzlement in the State of Florida. The other facts necessary to a proper understanding of the opinion sufficiently appear therein.

No briefs came into the hands of the reporter.

ANDERSON, J.—"It may be considered as settled law, that a *prima facie case*, that the prisoner is legally held, is made out, when the return to the writ of *habeas corpus* shows: (1.) A demand or requisition for the prisoner made by the executive of another State, from which he is alleged to have fled: (2.) A copy of the indictment found or affidavit made before a magistrate, charging the alleged fugitive with the commission of crime, *certified* as authentic by the executive of the State making the demand: (3.) The warrant of the governor authorizing the arrest. When these facts are made to appear by papers regular on their face, there is a weight of authority holding that the prisoner is *prima facie* under legal restraint."—*Barrier v. State,* in MS.; *Ex parte State v. Mohr,* 73 Ala. 503.

The sheriff's return in the case at bar shows the warrant of the governor of this State and an affidavit charging the prisoner with a crime, but does not set out the requisition of the executive of the State of Florida. The warrant of the governor of this State, however, recites that the demand was made and other jurisdictional facts. While there seems to be conflict of opinion upon the proposition, many cases hold that the warrant of the governor reciting these jurisdictional facts, is in itself *prima facie* sufficient to show that all necessary prerequisites have been complied with prior to its issue by him, and we are disposed to adopt this as a correct rule.—*Davis case,* 122 Mass. 324; *Kingsbury's case,* 106 Mass. 223; *Robinson v. Flanders,* 29 Ind. 10; *Hartman v. Aveline,* 63 Ind. 344.

Although the return makes out a *prima facie* case, the defendant is permitted to show that the process is void, or that he is not a fugitive, but he cannot require the courts of this State to inquire into the merits of the crime charged.—*Barrier v. State, supra; State v. Mohr, supra.*

While the return in the case at bar shows the affidavit, the governor's warrant alone which recites all the jurisdictional facts, would make out a *prima facie* case to justify the holding of the prisoner, but would not, of course, be conclusive and he would not be precluded from showing that the process was void.

[Shelton v. The State.]

The judgment of the probate judge is affirmed.

McClellan, C. J., Tyson and Simpson, J.J., concurring.