# Young *v.* The State.

*Habeas Corpus.*

(Decided May 21, 1908.  46 South. 580.)

1. *Habeas Corpus; Return; Prima Facie Case.*—The return to the writ of habeas corpus by the sheriff, or other officer have custody, showing a demand or other requisition for the prisoner made by the executive of another state, a copy of the indictment or affidavit and warrant, certified as authentic by the executive making the requisition, together with the warrant of the executive of this state authorizing the arrest, makes a prima facie case for detention.

2. *Words and Phrases; "False Pretense."*—"False pretense" is such a fraudulent representation of an existing or past fact, by one who knows it not to be true, as will induce the person to whom it is made, to part with something of value.

3. *False Pretense; Obtaining Money by.*—Where one falsely represents a fact to be true, knowing at the time that it is not true, for the purpose of obtaining money from another, and does so obtain it, he is not only guilty of defrauding by deceitful means, but is also guilty of obtaining money by false pretense.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Habeas corpus proceedings by W. H. Young, alias A. W. Young.  From an order denying his discharge, he appeals.  Affirmed.

VAUGHAN & DAVIDSON, and SMITH & SMITH, for appellant.  No attempt was made to show that section 5278 of the Revised Statutes of the United States was complied with before the issuance of the warrant by the Governor.  The original warrant shows no offense and is void on its face.—*Barrier v. The State,* 142 Ala. 72.  Un-

10 C

der the authority of *Singleton v. The State*, 144 Ala. 104, defendant was entitled to his discharge.

PERDUE & COX, and J. B. AIRD, for appellee.

DENSON, J.—W. H. Young, alias A. W. Young, for whose benefit the application for habeas corpus was made in this cause, was arrested by the sheriff of Jefferson county, on a warrant issued by the Governor of Alabama on the 24th day of December, 1907, directing his arrest and delivery to the agent of the state of Georgia, pursuant to a requisition of the Governor of that state. The application was made before Hon. Charles A. Senn, judge of the city court of Birmingham, who granted the writ. The writ was returnable the 3d day of January, 1908, and commanded the sheriff of Jefferson county to have the body of the said Young before him on that day, with the cause of his detention. Young was carried before the judge on the day named, and the sheriff justified his detention under the warrant above referred to, setting same out as "Exhibit A" to his return of the writ.

The warrant of the Governor, after reciting the fact that the Governor of Georgia by requisition had demanded of the Governor of Alabama the surrender of Young, continues as follows: "Who it appears is charged by affidavit in the county of Floyd, in said state (Georgia), with the crime of obtaining money under false pretenses, which is an offense under the laws of Georgia for which extradition warrant should be issued (a duly certified copy of which affidavit accompanies said requisition) ; and it appearing that said Young has fled from justice in said state and taken refuge in the state of Alabama," etc. Then follows the command to arrest and deliver Young to the agent of Georgia. The return of

[Young v. The State.]

the sheriff is attacked, and the release of the prisoner is claimed, upon the ground that the warrant is void on its face, in that it fails to show an offense known to the laws of the state of Georgia.

It is the settled law of this, as well as of the other state, that a prima facie case is made when the return shows: A demand or requisition for the prisoner made by the executive of another state, from which he is alleged to have fled; a copy of the indictment found, or affidavit made before a magistrate, charging the alleged fugitive with the commission of the crime, certified as authentic by the executive of the state making the demand; and the warrant of the Governor, authorizing the arrest. It is said in *Ex parte State*, 73 Ala. 503, 511: "Where these facts are made to appear by papers regular on their face, there is a weight of authority holding that the prisoner is prima facie under legal restraint. * * * Many of the cases hold that the warrant of the Governor, reciting these jurisdictional facts is itself prima facie sufficient to show that all the necessary prerequisites have been complied with prior to its issue by him, although as to this proposition there is a conflict of opinion." The question as to whether the recitals of the warrant are prima facie sufficient is left at large in that case; but in *Singleton's Case*, 144 Ala. 104, 42 South. 23, it is directly answered in the affirmative. See, also, *Ex parte Stanley*, 25 Tex. App. 372, 8 S. W. 645, 8 Am. St. Rep. 440; *Kingsbury's Case*, 106 Mass. 223; *Brown's Case*, 112 Mass. 409, 17 Am. Rep. 114; *Davis' Case*, 122 Mass. 324; *People v. Donohue*, 84 N. Y. 438; *Ex parte Devine*, 74 Miss. 715, 22 South. 3; 2 Moore on Extradition, §§ 623, 624.

But it is argued that, inasmuch as section 670 of the Code of Georgia was introduced in evidence, whether or not the warrant shows an offense known to the laws of

Georgia should be determined by that section; and the contention of the appellant is that the section of the Code does not show the offense of obtaining money under false pretenses. "A false pretense is such a fraudulent representative of an existing or past fact, by one who knows it not to be true, as is adapted to induce the person to whom it is made to part with something of value." 3 Words & Phrases, p. 2662; *Commonwealth v. Drew,* 36 Mass. 179; *Beasely's Case,* 59 Ala. 20; *Thomas' Case,* 90 Ga. 437, 16 S. E. 94. And if a person should fraudulently represent a fact to be true, knowing at the time that it is not true, and resorts to the fraudulent representation to obtain money from another, and does so obtain it, he would be guilty of "defrauding" another by "deceitful means." and we do not doubt he would be guilty of obtaining the money under false pretenses. —*Thomas' Case,* 90 Ga. 437, 16 S. E. 94. So, it seems to us, the force or effect of the recitals in the affidavit is not affected by the Georgia Statute. This being true, whether the court erred in admitting the statute is not a material question, as without the statute, the recitals of the affidavit are sufficient; with the statute, they are not affected.

On the record as presented, we do not doubt the correctness of Judge Senn's order remanding the prisoner to the custody of the sheriff; and it is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.