# Campbell *v.* The State.

## *Habeas Corpus.*

(Decided April 19, 1910.  52 South. 399.)

*Habeas Corpus; Return to Writ; Prima Facie Case.*—Where a prisoner is arrested upon the requisition of the Governor of another state, and brings habeas corpus for release, a return to the writ showing a demand or requisition for the person by the executive of another state, a copy of the indictment found or affidavit made charging the alleged fugitive with the commission of a crime, certified as authentic by the state demanding extradition, and the warrant of the Governor authorizing the arrest, is sufficient, prima facie, to show that all the necessary prerequisites have been complied with prior to the issuance of the Governor's warrant, and that the person is properly held.

APPEAL from Colbert Probate Court.

Heard before Hon. OSCAR G. SIMPSON.

Petition for habeas corpus for release from arrest under Governor's warrant on requisition. From an order remanding the prisoner he appeals. Affirmed.

JACKSON & DELONEY, for appellant. The return made to the writ did not show a prima facie case entitling the sheriff to hold the petitioner under the Gov-

ernor's warrant.—*Mohr's Case,* 73 Ala. 511. The court erred in admitting the affidavit.—*Burns v. Campbell,* 71 Ala. 271.

ALEXANDER M. GARBER, Attorney General, for the State. Petitioner offered no evidence and the return made by the sheriff was prima facie sufficient to authorize the holding of petitioner.—*Ex parte Cheatham,* 95 S. W. 1077; *Ex parte Devine,* 22 South. 3; *Dawson v. Rushin,* 170 U. S. 705. The Governor's warrant alone made out a case for the state.—*Ex parte Whate,* 46 S. 4. 639.

DOWDELL, C. J.—The return to the writ of habeas corpus, made by the sheriff in whose custody the petitioner was, showed that the petitioner was held under a warrant issued by the Governor of Alabama on a requisition by the Governor of the state of Texas. The Governor's warrant contained the usual recital of the requisition by the Governor of the demanding state, based on certified copy of affidavit charging the offense, and that the prisoner was a fugitive from justice of such state.

In *Ex parte State of Alabama, In re Mohr,* 73 Ala. 511, 49 Am. Rep. 63, speaking in this connection, it was said: "It may be considered, therefore, as the settled doctrine of the courts, that a prima facie case is made when the return of the writ of habeas corpus shows: (1) A demand or requisition for the prisoner, made by the executive of one state, from which he is alleged to have fled; (2) a copy of the indictment found, or affidavit made before a magistrate, charging the alleged fugitive with the commission of the crime, certified as authentic by the executive of the state making the demand; (3) the warrant of the Governor authorizing the

arrest. Where these facts are made to appear by papers regular on their face, there is a weight of authority holding that the prisoner is prima facie under legal restraint"—citing authorities that need not be repeated here.

We are of opinion, and so hold, that the warrant of the Governor, reciting these jurisdictional facts, is itself prima facie sufficient to show that all of the necessary prerequisites have been complied with prior to its issue by him.—*Singleton v. State,* 144 Ala. 104, 42 South. 23. The demurrer to the return of the sheriff to the writ, was properly overruled. The only evidence offered on the hearing was that contained as exhibits in the sheriff's return to the writ. On this the probate judge properly remanded the prisoner to the custody of the sheriff.

Affirmed.

ANDERSON, MCCLELLAN, and SAYRE, JJ., concur.