(78 South. 313)

GODWIN v. STATE.    (7 Div. 506.)

(Court of Appeals of Alabama,    March 12, 1918.)

1. HABEAS CORPUS ⛛85(2) — PRIMA FACIE CASE—EXTRADITION PROCEEDINGS.

On habeas corpus to obtain a release of a prisoner held under extradition proceedings, a prima facie case for detention of the prisoner is made by the introduction of the requisition by the Governor of the extraditing state, a copy of the indictment by the grand jury of such state charging larceny after trust authenticated by the Governor of such state, and the warrant of the Governor of this state authorizing the arrest.

2. HABEAS CORPUS ⛛85(2)—EVIDENCE—ADMISSIBILITY.

On habeas corpus for the release of a prisoner held under extradition proceedings as a fugitive from justice, it is error to exclude evidence showing that he is not in fact a fugitive.

Appeal from Probate Court, Etowah County; L. L. Herzberg, Judge.

Habeas corpus by L. P. Godwin to obtain his discharge from arrest under extradition proceedings. From an adverse judgment and order, he appeals. Reversed and remanded.

Alto V. Lee and James A. Bilbro, both of Gadsden, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BRICKEN, J. [1] Upon the hearing of the petition in this case, it was shown: First, a demand or requisition for the prisoner made by the Governor of the state of Georgia, from which the appellant is alleged to have fled; second, a copy of the indictment preferred against him by a grand jury of Grady county, Ga., charging him with the offense of larceny after trust, which copy of the indictment was certified as being authentic by the Governor of the state of Georgia; and, third, the warrant of the Governor of Alabama authorizing the arrest. These facts were made to appear by papers regular on their face, which thereby made out a prima facie case that the prisoner was legally held. Mohr's Case, 73 Ala. 503, 49 Am. Rep. 63; Barriere v. State, 142 Ala. 72, 39 South. 55; Singleton v. State, 144 Ala. 104, 42 South. 23.

[2] However, the fact that by the introduction of this evidence a prima facie case was established did not preclude the prisoner from showing by parol testimony the fact that he is not a fugitive from justice. As was said in Mohr's Case, supra:

"It was competent for him to hear oral evidence in order to establish the fact that the petitioner was not a fugitive from justice." "It is just as material to show that the prisoner does not come within the law, on the ground that he has never fled from the demanding state, as on the ground that he is not the identical person * * * indicted." "It may be considered clear, therefore, without any conflict of authority, that the Constitution and laws of Congress do not provide for the extradition of any person except those who may have fled from or left the demanding state as fugitives from the justice of that state."

The court refused to allow the defendant to show that he is not a fugitive from justice from the state of Georgia, and declined to consider any evidence offered in this connection by the defendant. The evidence offered by the prisoner, which the court excluded and declined to consider, tended to show that petitioner is not a fugitive from justice from the state of Georgia, and therefore the court erred in declining to consider this evidence, for which error the judgment remanding the prisoner to the custody of the sheriff must be reversed and the cause remanded.

Reversed and remanded.