(85 South. 590)

## Ex parte FORBES. (7 Div. 645.)

(Court of Appeals of Alabama. Feb. 3, 1920. Rehearing Denied April 6, 1920.)

1. HABEAS CORPUS ⊜85(2)—PRIMA FACIE SHOWING OF LEGAL HOLDING OF PETITIONER AT REQUEST OF GOVERNOR OF OTHER STATE.

Showing by return of writ of habeas corpus supported by evidence that executive authority of Michigan had demanded petitioner as a fugitive from justice of executive authority of Alabama, with copy of affidavit before proper magistrate of Michigan, charging petitioner with felony, certified as authentic by proper officials of that state, and warrant of Governor of Alabama, authorizing petitioner's arrest and delivery to custody of agent of Governor of Michigan, made a prima facie case petitioner was legally held.

2. EXTRADITION ⊜30—PERSON MUST HAVE BEEN WITHIN STATE WHERE CRIME COMMITTED—"FUGITIVE FROM JUSTICE."

To be a "fugitive from justice" within the law of rendition of criminals from one state to another, a person must have been actually within the state from which a demand for his surrender comes at the time when the crime is alleged to have been committed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fugitive from Justice.]

3. EXTRADITION ⊜30 — DEPARTURE FROM STATE AFTER ACT IN FURTHERANCE OF CRIME SUBSEQUENTLY CONSUMMATED A FLIGHT.

Where petitioner for habeas corpus, who abandoned his wife and family in Michigan, fled in furtherance of the crime of abandonment subsequently consummated, it was a flight from justice, rendering him liable to return to Michigan custody, though he was not in Michigan at the time when he is alleged to have committed the crime.

4. HABEAS CORPUS ⊜92(2)—GUILT OR INNOCENCE OF PETITIONER SOUGHT TO BE EXTRADITED NOT PROPER INQUIRY.

The question of guilt or innocence of petitioner for habeas corpus, sought to be returned to the custody of another state, as tending to disprove his flight from justice, is not a proper inquiry in the case.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Petition for writ of habeas corpus on behalf of Wesley Forbes. From judgment denying the writ, petitioner appeals. Affirmed.

Certiorari denied 204 Ala. 698, 85 South. 921.

Harvey A. Emerson, of Anniston, for appellant.

Petitioner was entitled to inquire into the legality of the proceedings. 73 Ala. 503; 142 Ala. 72, 39 South. 55; 188 U. S. 691, 23 Sup. Ct. 456, 47 L. Ed. 657. He may show that the process is void, or that he is not a fugitive from justice, and may do this by oral testimony. Authorities supra, and 174 Ala. 1, 56 South. 735; 152 Ala. 68, 44 South. 685; 78 South. 313; 207 U. S. 100, 28 Sup. Ct. 58, 52 L. Ed. 121. The husband is the head of the family and entitled to choose the domicile. 8 Ala. App. 321, 62 South. 470; 121 Ala. 432, 29 South. 751; 13 Ala. App. 520, 69 South. 318; 21 Cyc. 1223.

J. Q. Smith, Atty. Gen., for appellee.
No brief reached the Reporter.

SAMFORD, J. The appellant was arrested in Calhoun county, Ala., on the 26th day of July, 1919, by the sheriff on the warrant of the Governor of Alabama, issued on the 25th day of July, 1919, in compliance with the requisition of the Governor of the state of Michigan, charging the petitioner with being a fugitive from justice from the state of Michigan. The petitioner on the same day filed his petition addressed to Hon. Hugh D. Merrill, judge of the circuit court of Calhoun county, Ala., praying the issuance of a writ of habeas corpus directed to the sheriff of Calhoun county, and commanding the sheriff to have the body of the petitioner before the said judge, together with the cause of his detention. The writ was issued on July 26, 1919. The petition for said writ contained a prayer for the discharge of the petitioner, setting forth as grounds therefor the following: (1) That he was illegally and unlawfully restrained of his liberty, in that he was not a fugitive from justice; (2) that the court having issued the warrant and affidavit for his arrest was without jurisdiction to do so; (3) that the process under which he was held was void on account of the defects in the matter therein contained or in the substance thereof; (4) that said process was issued in this cause under circumstances not allowed by law; and (5) that he is not guilty of the offense charged against him in said process, and had committed no such offense in the state of Michigan.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 403.

[1] On the trial of this cause it was shown by the return, with testimony sufficient to establish the allegations therein made, that the executive authority of the state of Michigan had demanded the person of the petitioner as a fugitive from justice of the executive authority of the state of Alabama, to which petitioner is alleged to have fled, and there was produced a copy of an affidavit, made before a proper magistrate of the state of Michigan, charging the petitioner with having committed a felony, certified as authentic by the proper officials of the state of Michigan, and also, the warrant of the Governor of the state of Alabama, authorizing the arrest of petitioner and his delivery to the custody of the agent of the Governor of the state of Michigan. These papers were in all things regular, and thereby made out a prima facie case that the person was legally held. Godwin v. State, 16 Ala. App. 397, 78 South. 313; Mohr's Case, 73 Ala. 503, 49 Am. Rep. 63; Barriere v. State, 142 Ala. 72, 39 South. 55; Singleton v. State, 144 Ala. 104, 42 South. 23.

[2] The petitioner does not deny that he is the identical person named in the affidavit, and the warrant of the Governor, but his contention is that he is not a fugitive from justice, for that the affidavit charges that he abandoned his family in the state of Michigan on the 22d day of December, 1918, when as a matter of fact he was not in the state of Michigan on that date, having left on the 21st of December, 1918, and come to the state of Alabama. It is the general rule that to be a fugitive from justice a person must have been actually within the state from which a demand for his surrender comes at the time at which the said crime is alleged to have been committed. Farrell v. Hawley, 78 Conn. 150, 61 Atl. 502, 70 L. R. A. 686, 112 Am. St. Rep. 98, 3 Ann. Cas. 874; Hartman v. Aveline, 63 Ind. 344, 30 Am. Rep. 217; Dennison v. Christian, 72 Neb. 703, 101 N. W. 1045, 117 Am. St. Rep. 817.

[3] However, the crime with which the petitioner is charged is that of abandonment of his family, which is continuing in its nature, covering a period not barred by the statute of limitations, and, where the departure from the jurisdiction after the commission of an act in furtherance of a crime subsequently consummated, it is a flight from justice, and renders the fugitive liable to extradition. Strassheim v. Daily, 221 U. S. 280, 31 Sup. Ct. 558, 55 L. Ed. 735; In re Sultan, 115 N. C. 57, 20 S. E. 375, 28 L. R. A. 294, 44 Am. St. Rep. 433.

[4] The petitioner offered certain evidence which might be available to him on the trial of his case in the state of Michigan as tending to prove that he did not abandon his family, but that is not a proper inquiry in this proceeding. The question of the guilt or innocence of the petitioner, as tending to disprove flight, is not a proper inquiry in this case, and hence the trial court properly excluded the testimony offered.

We find no error in the record, and the judgment of the judge of the circuit court is affirmed.

Affirmed.