(90 South. 65)

**PIXLEY v. STATE. (8 Div. 767.)**

(Court of Appeals of Alabama. Feb. 8, 1921. Rehearing Denied April 5, 1921.)

**1. Habeas corpus ⬅85(2)—Prima facie case of legal holding on account of extradition held made out.**

Prima facie case of legal holding of petitioner in habeas corpus under extradiction proceeding *held* made out by introduction of requisition and copies of indictment and warrant of arrest, each in all things regular.

**2. Habeas corpus ⬅85(2)—Papers in extradition to be admissible should be certified by secretary of state.**

The secretary of state being under Code 1907, § 573, subd. 1, the proper custodian of papers on requisition for extradition, he is the proper person, under section 3983, to certify to them to make them admissible in evidence on habeas corpus proceedings by the person sought to be extradited.

*On Rehearing.*

**3. Habeas corpus ⬅79—Date of issuance of warrant of arrest in extradition, as shown by the warrant, controls recital in return to writ in habeas corpus.**

Date when warrant of arrest in extradition proceedings was issued, as shown by the warrant in the record on appeal in habeas corpus proceedings, governs the recital in the return to the writ in habeas corpus.

**4. Habeas corpus ⬅85(2)—Presumed that arrest and delivery in extradition was by those authorized by warrant.**

On habeas corpus proceeding it will be presumed that the arrest of petitioner and his delivery to the agent of the demanding state were by the officers authorized so to do by the warrant of the Governor of the asylum state.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Habeas corpus proceeding by D. M. Pixley. Discharge denied, and petitioner appeals. Affirmed.

Certiorari denied 206 Ala. 700, 90 South. 925.

S. A. Lynne, of Decatur, and Tennis Tidwell, of Albany, for appellant.

Defendant was entitled, under the facts, to his discharge. 39 Ala. 560; 140 Ala. 177, 37 South. 250; section 7023, Code 1907.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The returns make out a prima facie case, and the court properly denied the writ. 17 Ala. App. 405, 85 South. 590; 16 Ala. App. 397, 78 South. 313; 33 Ala. 503; 142 Ala. 72, 39 South. 55; 144 Ala. 104, 42 South. 23; U. S. Compiled Statutes 1916, § 10126; sections 573, 3983, Code 1907.

MERRITT, J. The petitioner, D. M. Pixley, filed his petition before Hon. W. T. Lowe, judge of the Morgan county court, of Morgan county, Ala., praying for his discharge.

The appellant was arrested in Morgan county, Ala., on the warrant of the Governor of Alabama, in compliance with the requisition of Ben E. McFerrin, Acting Governor of the state of Arkansas, charging petitioner with being a fugitive from justice from the state of Arkansas. On a hearing it was ordered that petitioner was not entitled to his discharge, and he was remanded to the custody of W. F. Sibeck, as agent of the state of Arkansas.

[1] On the trial of the cause it was shown that Ben E. McFerrin, president of the state senate of the state of Arkansas, by virtue of such position was entitled to act, and in fact was at the time of the issuance of such requisition acting Governor of the state of Arkansas; that as such acting Governor he had demanded the person of the petitioner as a fugitive from justice, of the executive authority of the state of Alabama, to which state it was alleged he had fled, and there was produced a copy of the warrant of the Governor of Alabama authorizing the arrest of petitioner; there was produced a copy of an indictment found by the Pulaski circuit court of Arkansas, charging the petitioner with grand larceny and embezzlement, certified as authentic by the proper officials of the state of Arkansas. These papers were in all things regular, and thereby made out a prima facie case that the petitioner was legally held. Godwin v. State, 16 Ala. App. 397, 78 South. 313; Mohr's Case, 73 Ala. 503, 49 Am. Rep. 63; Barriere v. State, 142 Ala. 72, 39 South. 55; Singleton v. State, 144 Ala. 104, 42 South. 23; Ex parte Forbes, 204 Ala. 698, 85 South. 921. U. S. Comp. Stat. 1916, p. 12410, § 10126. The

papers certified to by the secretary of state of the state of Arkansas were in compliance with the acts of Congress, and were in all things legal and regular. 3 U. S. Compiled Statutes 1916, p. 2431, § 1519; Id., p. 2475, § 1520. They were properly received in evidence.

[2] There is no merit in the contention that the Governor of Alabama should have made certification of these papers, in order for them to have been admissible in evidence. Under the provisions of section 573, subdivision 1, Code 1907 of Alabama, it is made the duty of the secretary of state to keep the state seal, the original statutes and records of the state, etc.; while section 3983 provides that all transcripts of books or papers, or parts thereof, required by law to be kept in the office of any officer, when certified by the proper custodian thereof, must be received in evidence in all courts. The secretary of state was the proper custodian of these papers, and, when certified by him, they were properly received in evidence by the court.

We find no error in the record, and the judgment of the judge of the Morgan county court is affirmed.

Affirmed.

## On Rehearing.

[3] The return of Sibeck, special agent of the state of Arkansas, makes the original warrant issued by the Governor of Alabama a part thereof, and this warrant, as set out in the record, shows that it was issued on the 25th day of February, 1920, and, although the return recites that it was issued on February 26, 1920, the date as shown by the warrant will govern. The copy attached to the petition and the original warrant itself shows this to be the correct date of the issuance of this warrant.

No objection appears to have been made by the petitioner to the introduction of the original warrant of the Governor of Alabama, on the ground that it bore a different date from that set out in the return, or that it was variant in any way from the warrant referred to in the return.

[4] Under the Governor of Alabama's warrant the officers to whom it was directed were empowered to arrest the petitioner, as a fugitive from justice, and deliver him into the custody of W. F. Sibeck, the duly authorized agent of the state of Arkansas. In the absence of any showing to the contrary, so far as the arrest and delivery to Sibeck is concerned, it will in this proceeding be presumed to have been done in accordance with the mandate of the law. There is no authorization in the Governor's warrant for Sibeck to make the arrest, and as stated before, it will be presumed that those with this authority did as a matter of fact, perform such service. Moreover, the return on the Governor of Alabama's warrant shows the arrest of petitioner by the sheriff of Morgan county, Ala., and his delivery to Sibeck.

Application overruled.