(90 South. 45).

## FITZGERALD v. STATE. (8 Div. 801.)

(Court of Appeals of Alabama. April 12, 1921.)

1. Habeas corpus ⊕═85(2)—Sheriff held not to make out prima facie case in extradition proceedings.

In habeas corpus proceeding, sheriff did not make out a prima facie case by introduction in evidence of a warrant of the Governor, appearing to have been issued on the request of the Governor of another state, which recited that the petitioner had committed a crime in such other state and was a fugitive from justice, and a warrant from a court of such other state, reciting an indictment pending in that court against petitioner for nonsupport of his minor children, where there was shown to be no demand or requisition for the petitioner made by the Governor of such other state, and there was no copy of the indictment preferred against him properly certified to, in view of U. S. Comp. St. § 10126.

**2. Habeas corpus ⬤═85(2)—Accused entitled to show he was not fugitive from justice.**

In habeas corpus proceeding by one arrested as a fugitive from justice from another state, the accused should be permitted to show by parol evidence that he was not a fugitive from justice.

Appeal from Probate Court, Lauderdale County; J. F. Koonce, Judge.

Petition by David A. Fitzgerald for a writ of habeas corpus on the ground that he was illegally restrained of his liberty by the sheriff of Lauderdale county. From judgment denying the writ, he appeals. Reversed and remanded.

Simpson & Simpson, of Florence, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. [1] The petitioner, filed his petition before Hon. J. F. Koonce, probate judge of Lauderdale county, Ala., alleging that he was being held without authority of law, and that he was illegally restrained of his liberty by the sheriff of Lauderdale county, and praying for his discharge. On the hearing relief was denied the petitioner, and he was remanded to the custody of the sheriff. The detention of the petitioner was sought to be justified by the introduction of a warrant of the Governor of the state of Alabama, which appears to have been issued on the request of the Governor of Ohio, which recited that the petitioner had committed a crime in the state of Ohio, and was a fugitive from justice, and a warrant of arrest issued from the court of common pleas of Lorain county, Ohio, reciting an indictment pending in that court against petitioner for nonsupport of his minor children. This is all the evidence appearing in the bill of exceptions offered on the part of the sheriff, and was not sufficient, without more, to make out a prima facie case that the petitioner was legally held. There was shown to be no demand or requisition for petitioner made by the Governor of Ohio on the Governor of the state of Alabama, from which state petitioner is supposed to have fled; there was no copy of the indictment preferred against him by the grand jury of Lorain county, Ohio, which was properly certified to. Godwin v. State, 16 Ala. App. 397, 78 South. 313; Ex parte Forbes, 17 Ala. App. 405, 85 South. 590; Barriere v. State, 142 Ala. 72, 39 South. 55; Singleton v. State, 144 Ala. 104, 42 South. 23, U. S. Comp. Stat. 1916, p. 12410, § 10126.

[2] The defendant was denied the right to show by parol evidence that he was not a fugitive from justice, and in refusing him this right there was error. Mohr's Case, 73 Ala. 503, 49 Am. Rep. 63; Godwin v. State, 16 Ala. App. 397, 78 South. 313.

For the errors pointed out the judgment denying the writ to the petitioner is reversed and the case is remanded.

Reversed and remanded.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes