(89 South. 894)

### Ex parte RICE.   (7 Div. 681.)

(Court of· Appeals of Alabama.   June 14, 1921.)

**Habeas corpus ☞103—Fugitive not remanded to foreign state where requisition of Governor of foreign state not shown.**

In habeas corpus proceedings the court erred in remanding alleged fugitive from justice to custody of agent for another state, after being restrained of his liberty by sheriff within the state, in absence of introduction in evidence of a requisition by the Governor of other state charging the petitioner with being a fugitive from justice and there should also appear in the record a copy of any affidavit or indictment against the petitioner.

Appeal from Probate Court, Talladega County; E. A. Hammett, Judge.

Petition by Lorrie Rice for writ of habeas corpus.  From a judgment denying the petition, he appeals.  Reversed and remanded.

Hill, Hill, Whiting & Thomas, of Montgomery, and Guy Rice, of Prattville, for appellant.

The defendant was not a fugitive from justice, and was entitled to show that he was not.  '73 Ala. 503, 49 Am. Rep. 63; 142 Ala. 72, 39 South. 55; 144 Ala. 140, 39 South. 249; 152 Ala. 68, 44 South. 685; 174 Ala. 1, 56 South. 735; 17 Ala. App. 405, 85 South. 590; 16 Ala. App. 397, 78 South. 313; 19 Cyc. 94. The state failed to make out a prima facie case, and this entitled the defendant to his discharge.

Harwell G. Davis, Atty. Gen., for appellee.

Brief of counsel did not reach the Reporter.

MERRITT, J.  The petitioner filed his petition for habeas corpus before the judge of probate of Talladega county, alleging that he was being held and illegally restrained of his liberty in the county jail by one Cornett, sheriff of said county.  The judgment recites that "the relief prayed for in the petition is denied, and that petitioner be remanded to the custody of William Armstrong, agent for the state of Mississippi. The bill of exceptions recites that the state offered in evidence the warrant of Hon. Thos. E. Kilby, Governor of Alabama, and the sheriff's return on the writ of habeas corpus, and rested its case.  Nowhere in the bill of exceptions does the Governor's warrant appear, nor the sheriff's return. The defendant offered testimony tending to show that he was not a fugitive from justice, and that he was not in the state of Mississippi at the time of the alleged forgery. The bill of exceptions also contains a recital that it contains all the evidence offered in the trial of the case.

Granting, which we do not decide, that we may look to the record proper for the Governor's warrant and the sheriff's return, as stated in the bill of exceptions to have been introduced by the state, yet these would not make out a prima facie case for the state. There appears nowhere in the record a requisition of the Governor of Mississippi on the Governor of Alabama charging the petitioner with being a fugitive from justice from the state of Mississippi; neither does there appear a copy of any affidavit or indictment against the petitioner, all of which was necessary to make out a prima facie case against petitioner.  Until this was done there was no duty on petitioner to act.  Ex parte Fitzgerald v. State, 90 South. 45;[1] Godwin v. State, 16 Ala. App. 397, 78 South. 313; Ex parte Forbes, 17 Ala. App. 405, 85 South. 590; Barriere v. State, 142 Ala. 72, 39 South. 55; Singleton v. State, 144 Ala. 104, 42 South. 23.

The state having failed to make out a prima facie case against the petitioner, the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.