(92 South. 510)

NEAL v. STATE. (4 Div. 773.)

(Court of Appeals of Alabama. Feb. 7, 1922.)

Habeas corpus ⟐113(9)—Where record does not contain warrant authorizing arrest and extradition of petitioner, judgment will be reversed on appeal.

Where the record in habeas corpus to obtain the release of a prisoner held under extradition proceedings does not contain the requisition of the Governor of the extraditing state, a copy of the indictment and capias preferred against the prisoner by the grand jury of such state, authorized by the Governor of such state, and the warrant of the Governor of this state authorizing the arrest, a judgment denying the writ will be reversed on appeal.

Appeal from Probate Court, Houston County; S. W. Burkett, Judge.

Richard (alias Bud) Neal brought habeas corpus for his discharge from custody. From an order denying his discharge, he appeals. Reversed and remanded.

Espy & Hill, of Dothan, for appellant.

There was no warrant of law for holding the petition, and the petition should have been granted. 16 Ala. App. 397, 78 South. 313.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. Habeas corpus proceedings by appellant, directed to the judge of probate of Houston county. This appeal is upon the record proper; there being no bill of exceptions.

Upon the hearing of the petition, the relief sought was denied, the petition dismissed, and the petitioner was remanded to the custody of one Walter Godfrey, agent of the state of New Jersey, designated (as stated in the judgment) "the agent named in the warrant of the Governor of Alabama, authorizing the arrest and extradition of the peti-

tioner." As a matter of fact the record contains no warrant issued by the Governor of Alabama, authorizing the arrest and extradition of the petitioner, and, so far as this court can know, no such warrant was ever issued. For this reason, as well as other reasons, to be hereinafter stated, the judgment rendered cannot be permitted to stand.

The record does not contain a demand or requisition for the prisoner made by the Governor of the state of New Jersey. While it does contain certain processes purporting to have been issued from the third criminal court of the city of Newark, Essex county, New Jersey, yet this process is directed against one Pietroy Robinson, (Col), and against one John Doe (Col), and there is nothing in this record to show that the petitioner and either of the defendants named in the New Jersey process is one and the same person. In other words, there is an absolute failure to show the identity of the petitioner as being either of the defendants named in the process issued by the courts in the state of New Jersey, resulting, therefore, as far as this court may know, that the named defendants in the process and the petitioner have no connection whatever. In the absence of a requisition or demand for the prisoner, made by the Governor of the state of New Jersey; and also a copy of the indictment and capias preferred against this petitioner by a grand jury of Essex county, N. J., or some process of similar import authorized by the laws of that state, which process was certified as being authentic by the Governor of the state of New Jersey, and in the further absence of a warrant of the Governor of Alabama authorizing the arrest in this state, a judgment of the character rendered in this case would be unauthorized. Godwin v. State, 16 Ala. App. 397, 78 South. 313; David A. Fitzgerald v. State, ante, p. 115, 90 South. 45.

Reversed and remanded.