(93 South. 210)

**JONES v. STATE. (6 Div. 9.)**

(Court of Appeals of Alabama. May 9, 1922.)

1. Habeas corpus ⬤=85(2)—Denying petition to be discharged from requisition warrant held not error.

Where the Governor's requisition warrant for a fugitive from another state recited that a demand was made for the fugitive, and other jurisdictional facts, it was prima facie evidence that all requirements had been complied with prior to its issuance, and where no evidence was offered in rebuttal, there was no error in denying a petition to be discharged from the warrant.

2. Evidence ⬤=471(2)—Sustaining objection to question as to whether petitioner was a fugitive held not error.

In habeas corpus to be discharged from a requisition warrant, the sustaining of an objection to the question asked petitioner as to whether he was a fugitive from justice from Missouri was proper, as the question called for a conclusion of fact, as well as of law.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Robert E. Jones brings habeas corpus for his discharge from requisition warrant, and from an order denying his petition he appeals. Affirmed.

Murphy, Murray & Hanna, of Birmingham, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. [1] The sheriff's return in the case at bar shows the warrant of the Governor of this state and an affidavit charging the prisoner with a crime, but does not set out the requisition of the executive of the state of Missouri. The warrant of the Governor of this state, however, recites that the demand was made, and other jurisdictional facts. The rule laid down in this state is that the warrant of the Governor, reciting these jurisdictional facts, is in itself prima facie sufficient to show that all necessary prerequisites have been complied with prior to its issue by him. Young v. State, 155 Ala. 145, 46 South. 580; Singleton v. State, 144 Ala. 104, 42 South. 23; Davis' Case, 122 Mass. 324; Robinson v. Flanders, 29 Ind. 10.

[2] The return having made out a prima facie case, and no testimony having been offered to rebut it, there was, of course, no error in the court's ruling in this respect. There was no error in the ruling of the court in sustaining the state's objection to the question propounded to petitioner:

"I will ask you to state to the court whether or not you are a fugitive from justice from the state of Missouri."

It was competent for petitioner to show by facts that he was not a fugitive from justice, but this question called for a conclusion of facts, as well as of law. Mohr's Case, 73 Ala. 503, 49 Am. Rep. 63; Godwin v. State, 16 Ala. App. 397, 78 South. 313.

The judgment appealed from is affirmed. Affirmed.