(101 So. 636)

## THACKER v. STATE. (6 Div. 488.)

(Court of Appeals of Alabama. Sept. 2, 1924. Rehearing Denied Oct. 7, 1924. Second Rehearing Denied Oct. 9, 1924.)

1. Extradition ☞35 — Governor may require production of satisfactory evidence of existence of jurisdictional facts before issuing warrant.

Governor may require production of satisfactory evidence of existence of jurisdictional facts which the law requires him to find before issuing a warrant.

2. Extradition ☞36—Presumed that Governor, before issuing warrant, required evidence of jurisdictional facts.

It is presumed, in absence of proof to contrary, that Governor, before issuing warrant, performed his duty by requiring evidence of jurisdictional facts.

3. Extradition ☞36—Recitals in Governor's warrant as to jurisdictional facts are prima facie evidence of such facts.

Recitals of jurisdictional facts in Governor's warrant issued on requisition of Governor of another state for arrest of fugitive from justice are prima facie evidence of such facts.

4. Habeas corpus ☞85(2) — Fact showing prima facie prisoner is under legal restraint stated.

In habeas corpus proceedings, prisoner is prima facie under legal restraint, where it appears from papers regular on their face: (1) That Governor of another state from which petitioner is alleged to have fled made demand or requisition for petitioner; (2) that an indictment was found or affidavit made before magistrate, charging alleged fugitive with crime, certified as authentic by executive of demanding state; and (3) that Governor issued warrant authorizing petitioner's arrest.

5. Habeas corpus ☞103—Whether accused was guilty of crime charged in requisition of Governor of another state held not in issue.

In habeas corpus proceedings by petitioner arrested on warrant issued by Governor on requisition of Governor of another state, trial court properly excluded inquiry whether petitioner had committed forgery in demanding state; such question not being in issue.

6. Habeas corpus ☞85(2)—Fact of dismissal of prosecution pending against petitioner elsewhere held irrelevant.

In habeas corpus proceedings by one arrested pursuant to Governor's warrant issued on requisition of Governor of another state, fact that prosecution pending against petitioner elsewhere had been dismissed was irrelevant.

Appeal from Circuit Court, Cullman County; Osceola Kyle, Judge.

Petition by J. W. Thacker, alias J. S. Moar, for writ of habeas corpus. From a judgment denying the writ, petitioner appeals. Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Certiorari denied by the Supreme Court in Ex parte Thacker, 212 Ala. 3, 101 So. 638.

The petition alleges that the petitioner is imprisoned in the county jail in Cullman county, illegally restrained of his liberty under a writ issued by the Governor of Alabama, a copy of which is exhibited with the petition, and reads as follows:

"In the name and by the authority of the state of Alabama, I, Wm. W. Brandon, Governor of the state, to any sheriff, coroner, constable, or other officer authorized by law to make arrests, send greeting:

"Whereas, his excellency Lee M. Russell, Governor of the state of Mississippi, by requisition dated the 26th day of December, 1923, has demanded of me, as Governor of the state of Alabama, the surrender of J. S. Moar, alias Thacker, who it appears, is charged by affidavit, in the county of Wayne in said state, with the crime of forgery and false pretense (a duly certified copy of which affidavit accompanies said requisition), and it appearing that said J. S. Moar, alias Thacker, has fled from justice in said state and taken refuge in the state of Alabama:

"Now, therefore, I, Wm. W. Brandon, Governor of the state of Alabama, in obedience to the Constitution and laws of the United States and the laws of the state of Alabama, do command you to arrest the said J. S. Moar, alias Thacker, if he be found within the limits of this state; 'and to deliver him into the custody of W. D. Fitzgerald, the duly authorized agent of the state of Mississippi, and of the execution of this warrant you will make due return to me.

"In testimony whereof I have hereunto set my hand and caused the great seal of the state to be affixed at the capitol, in the city of Montgomery, this thirty-first day of December, in the year of our Lord one thousand nine hundred and twenty-three, and in the one hundred and forty-eighth year of American independence.

"[Seal.] Wm. W. Brandon,
"Governor of Alabama.

"By the Governor:
"S. H. Blan, Secretary of State.",

W. E. James, of Cullman, and James J. Mayfield, of Montgomery, for appellant.

The warrant of the Governor and return of the sheriff did not make out a prima facie case against the petitioner. Fitzgerald v. State, 18 Ala. App. 115, 90 So. 45; Ex parte Rice, 18 Ala. App. 186, 89 So. 894; Neal v. State, 18 Ala. App. 395, 92 So. 510. It was error for the court to sustain the objection of the state to the question to petitioner, asking whether he had forged anybody's name in Waynesboro, Miss. Mohr's Case, 73 Ala. 503, 49 Am. Rep. 63; Godwin v. State, 16 Ala. App. 397, 78 So. 313; Fitzgerald v. State, supra.

Harwell G. Davis, Atty. Gen., and Brown & Griffith, of Cullman, for the State.

The recitals in the Governor's warrant are prima facie evidence of the facts there stated. Pool v. State, 16 Ala. App. 410, 78 So. 407; Singleton v. State, 144 Ala. 104, 42 So. 23. The merits of the case pending in the demanding state cannot be inquired into. Singleton v. State, supra; Mohr's Case, 73 Ala. 503, 49 Am. Rep. 63.

SAMFORD, J. [1-3] The state introduced on the trial the warrant issued by the Governor of Alabama, together with the return of the sheriff of Cullman county. Insistence was made that this evidence did not make out a prima facie case for the state. The return of the sheriff rests upon the sufficiency of the warrant of the Governor, which recites ' the jurisdictional facts which the law requires the Governor to find before issuing his warrant. To this end it was within the province of the Governor to require the production of satisfactory evidence of the existence of these facts. Being a matter of official duty, the presumption will be indulged, in the absence of proof to the contrary, that this duty was performed, and therefore the recitals in the warrant as to these jurisdictional facts are prima facie evidence of such facts. In the case of Poole v. State, 16 Ala. App. 410, 78 So. 407, will be found a correct statement of the rule and the authorities to sustain the ruling. See, also, Singleton v. State, 144 Ala. 104, 42 So. 23.

Upon a superficial reading of the opinion by Merritt, J., in Fitzgerald v. State, 18 Ala. App. 115, 90 So. 45, it would appear that the decisions of this court are not in entire harmony, but it will be observed that in the Fitzgerald Case, supra, the warrant of the Governor does not appear to have recited a demand or requisition by the Governor of Ohio or Mississippi on the Governor of this state for the delivery of the person named. Indeed, it is stated in the opinion, "There was shown to be no demand or requisition," etc. This was one of the essential jurisdictional facts. It will therefore be seen that the decision in the Fitzgerald Case, supra, is not in conflict with the present holding, where every necessary jurisdictional fact necessary is recited in the Governor's warrant, of which jurisdictional facts the recitals in the Governor's warrant are prima facie evidence. Poole's Case, supra. The expressions used in Ex parte Rice, 18 Ala. App. 186, 89 So. 894, are dictum.

[4] The rule seems to be, as supported by the best authority, that a case like the one at bar is made out prima facie, "when (1) a demand or requisition for the prisoner made by the executive of another state from which he is alleged to have fled; (2) a copy of the indictment found or affidavit made before a magistrate, charging the alleged fugitive with the commission of the crime, certified as authentic by the executive of the state making the demand; (3) the warrant of the Governor authorizing the arrest."

When these facts are made to appear by papers regular on their face the prisoner is prima facie under legal restraint. Barriere v. State, 142 Ala. 72, 39 So. 55; Godwin v. State, 16 Ala. App. 397, 78 So. 313; Ex parte Forbes, 17 Ala. App. 405, 85 So. 590; Singleton v. State, 144 Ala. 104, 42 So. 23. None of the cases decided by this court recede from the above-stated rule. The question is as to the effect of the recitals in the Governor's warrant. As to this, as has already been said above, when these jurisdictional facts are set out in the Governor's warrant as having been ascertained, they make a prima facie case.

[5] The court properly sustained objection to the inquiry as to whether petitioner had ever committed forgery in the state of Mississippi. The question of the guilt or innocence of defendant of the crime charged is not here in issue. Ex parte Forbes, 17 Ala. App. 405, 85 So. 590.

[6] Having disposed of the foregoing questions, there remained only the identity of the petitioner and whether he was a fugitive from justice. The fact, if it was a fact, that a pending prosecution against petitioner at Guntersville had been dismissed was irrelevant. The other rulings of the court, if error, were not sufficient upon which to base a reversal.

We find no error in the record, and the judgment is affirmed.

Affirmed.