(115 So. 922)

Jeff BROWN v. STATE. (8 Div. 645.) Court of Appeals of Alabama. March 13, 1928.

Charles P. Almon, Judge.

W. Meade Burns, of Tuscumbia, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

No briefs came to the hands of the Reporter.

BRICKEN, P. J. The evidence adduced upon the trial of this case was in conflict. The several witnesses for the state testified to having discovered a still in full operation, with whisky running from the worm, and a large quantity of beer, also several gallons of whisky, within about three-fourths of a mile from defendant's home. They also testified that they saw this defendant at the still, measuring whisky and pouring it into a keg, and that upon their approach he fled to his home, where they followed and arrested him; further, that when they reached the defendant at his home he appeared hot and was breathing hard, and there were fresh signs of beer slop on his clothing. Upon searching his premises, they found two five-gallon kegs with some whisky in them, and also a quantity of malt and sugar in his barn, etc. The defendant denied that he was the man who ran from the still, and denied all knowledge thereof. He set up an alibi as a defense, and offered testimony of several witnesses tending to show that he had not been away from his home at any time that morning. Thus a jury question was presented. There is no necessity of an extended opinion in this case. No error appearing in any of the rulings of the court, and as the record proper is without error, the judgment of conviction appealed from will stand affirmed. There was no evidence to sustain the principal grounds of the motion for a new trial, and the evidence offered in connection with the motion was not sufficient to justify the court in granting a new trial. Affirmed.

(112 So. 920)

J. G. BROWN et al. v. STATE. (6 Div. 129.) Court of Appeals of Alabama. May 10, 1927.

J. C. B. Gwin, Judge.

RICE, J. Appeal dismissed.

(114 So. 920)

J. G. BROWN et al. v. STATE. (6 Div. 130.) Court of Appeals of Alabama. Dec. 13, 1927.

J. C. B. Gwin, Judge.

SAMFORD, J. Affirmed.

(114 So. 920)

James Mark BROWN v. STATE. (6 Div. 228). Court of Appeals of Alabama. Dec. 13, 1927.

Ernest Lacy, Judge.

SAMFORD, J. Appeal dismissed.

(118 So. 922)

Robert BROWN v. STATE. (5 Div. 732.) Court of Appeals of Alabama. Nov. 27, 1928.

George F. Smoot, Judge.

BRICKEN, P. J. Appeal dismissed.

(113 So. 916)

Scrap BROWN, alias Harris, v. STATE. (4 Div. 349.) Court of Appeals of Alabama. Aug. 2, 1927.

W. L. Parks, Judge.

SAMFORD, J. Appeal dismissed.

(117 So. 924)

John BROWNING v. STATE. (1 Div. 819.) Court of Appeals of Alabama. July 3, 1928.

Saffold Berney, Judge. Grand larceny.

PER CURIAM. Appeal dismissed on motion of appellant.

(118 So. 922)

W. J. BULLARD v. STATE. (6 Div. 430.) Court of Appeals of Alabama. June 26, 1928. Rehearing Denied Aug. 7, 1928.

John P. McCoy, Judge.

Charles H. Fanning, of Birmingham, for appellant. Willard Drake, of Birmingham, for appellee.

SAMFORD, J. Appeal from order denying writ of habeas corpus. The order of the judge of the circuit court is affirmed upon the authority of Thacker v. State, 20 Ala. App. 302, 101 So. 636; Ex parte Thacker, 212 Ala. 3, 101 So. 638. Affirmed.

(115 So. 922)

Sampeson BUNT v. STATE. (7 Div. 439.) Court of Appeals of Alabama. Jan. 17, 1928.

Woodson J. Martin, Judge.

SAMFORD, J. Affirmed.

(114 So. 920)

Aster BUSH v. STATE. (4 Div. 291.) Court of Appeals of Alabama. Dec. 13, 1927.

J. S. Williams, Judge. Guy W. Winn, of Clayton, for appellant. Charlie C. McCall, Atty. Gen., for the State.

RICE, J. Conviction for violating prohibition laws by unlawfully having in possession prohibited liquor. Appellant is shown by the evidence to be under grave suspicion of having violated the law, as charged. But that is all. The court has read the evidence, sitting en banc, and is of the opinion that it is insufficient to sustain a conviction. The motion for a new trial, under the well-known rule laid down in Cobb v. Malone, 92 Ala. 630, 9 So. 738, should have been granted, and for the error in overruling same the judgment is reversed and the cause remanded. Reversed and remanded.