(126 So. 416)

## DEAN v. STATE.

### 7 Div. 678.

Court of Appeals of Alabama.

Feb. 18, 1930.

424

ing with chapter 151 of the Code of 1923, and alleging the statutory grounds therefor as required by section 4332 of said Code. The preliminary writ was issued, in response to which respondent produced the body and made return. The solicitor thereupon demurred to the petition, the demurrer was sustained, and the prayer of petition was denied.

The petitioner was being held under a Governor's warrant on requisition from another state, and the court evidently proceeded upon the assumption that the warrant of the Governor was the last word of authority on the subject and could not be denied. This is not the law. In Thacker v. State, 20 Ala. App. 302, 101 So. 636, this court gave to the Governor's extradition warrant its full force, and in that case this court held that the Governor's warrant, being regular on its face, made a prima facie case. This prima facie case is subject to such lawful claims to relief as the petitioner may have, not going to the merits of the case or the jurisdiction of the foreign court issuing the original process. At least one of these claims might be that petitioner is not the identical person named in the warrant. There may be others, but the designation of them is unnecessary here.

The action of the court was a denial of petitioner's right.

The order of the judge of probate is reversed, and the cause is remanded for further proceedings in accordance with the statutes.

Reversed and remanded.

Court of Appeals of Alabama.
Feb. 18, 1930.

Jas. D. Giles and W. J. Boykin, both of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. The petitioner filed a petition for habeas corpus in all respects comply-