(129 So. 681)

### SMITH v. STATE.
### 6 Div. 867.

Court of Appeals of Alabama.
June 10, 1930.

Rehearing Denied Aug. 11, 1930.

16

R. M. Montgomery, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

This appeal is from an order of Honorable Roger Snyder, judge of the Jefferson circuit court, wherein the appellant's petition for habeas corpus was denied and he was remanded to the custody of the sheriff and ordered to be delivered to the designated officer to be returned to the state of Florida in pursuance to the conditions of the warrant of arrest of the Governor of Alabama, issued upon a requisition by the Governor of Florida to this end.

Appellant earnestly insists that on the hearing of the petition for habeas corpus, the state failed to make out a prima facie case of his lawful detention. In this connection the record shows that the state introduced in evidence the said warrant of arrest issued by the Governor of Alabama, and entered into an agreed statement of fact to the effect that the alleged crime was committed in the county of Duvall, state of Florida, on 22d day of March, 1930.

We are of the opinion that the case of Thacker v. State, 20 Ala. App. 302, 101 So. 636, certiorari denied Ex parte Thacker, 212 Ala. 3, 101 So. 638, is a complete answer to the insistence here made, and upon authority of said case we hold there is no merit in the point here involved. As held in the Thacker Case, supra, by this court, the return of the sheriff rests upon the sufficiency of the warrant of the Governor, which recites the jurisdictional facts the law requires the Governor to find before issuing his warrant. To this end it was within the province of the Governor (and also as his official duty) to require the production of satisfactory evidence of the existence of these facts; and being a matter of official duty, the presumption will be indulged, in the absence of proof to the contrary, that this duty was performed, and therefore the recitals in the warrant as to these jurisdictional facts are prima facie evidence of such facts. As stated, this holding in the Thacker Case was approved by the Supreme Court, 212 Ala. 3, 101 So. 638. See also Pool v. State, 16 Ala. App. 410, 78 So. 407, and cases cited.

Appellant insisted he was not a fugitive from the state of Florida, and in this connection the court allowed him full opportunity to offer evidence in support of this insistence. His legal rights were in no manner restricted or abridged by any ruling of the court. In this the court was correct. Godwin's Case, 16 Ala. App. 397, 78 So. 313. On this question the petitioner alone testified. No other evidence was offered in support of this insistence. Appellant complains that the judge hearing the facts has plainly held contrary to the great weight of the testimony. We do not so conclude. It is true the state offered no testimony in refutation or contradiction of that given by the petitioner himself. But we are not prepared to establish a heretofore unknown rule, one hazardous and dangerous in effect by holding the evidence of petitioner because not disputed was conclusive of the question involved, and that the court should have so held. The weight or probative force of the evidence adduced was for the trial court to determine, and the judge presiding at the hearing was in position to observe the witness, his demeanor and deportment while on the stand, and from this and the other attendant facts and circumstances, accord such weight to petitioner's testimony as deemed proper. This court will assume, in the absence of convincing facts and circumstances to the contrary tending to show such conclusion by the trial judge was erroneous, that the conclusion reached was correct.

No other point of decision of import is presented. We conclude that the judge hearing the petition rendered the correct order, and his every action in this connection is affirmed.

Affirmed.