190 So. 306

**STATE OF TENNESSEE v. HAMILTON.**

8 Div. 861.

Court of Appeals of Alabama.
June 30, 1939.

R. E. Dotson, of Pulaski, Tenn., and Geo. C. Johnson, of Athens,. for the State of Tennessee.

Jas. H. McCoy, Jr., of Athens, for appellee.

SAMFORD, Judge.

The petitioner, R. N. Hamilton, filed his petition addressed to the Hon. A. A. Griffith, Judge of the Circuit Court of Limestone County, Alabama, alleging, among other things, that he was illegally restrained of his liberty by the Sheriff of Limestone County and praying a writ of habeas corpus, and a discharge from the custody of said Sheriff. The answer was by J. W. Henry, agent for himself and on the part of the Sheriff of Limestone County, in which answer (among other things, not here necessary to mention, the same being foreign to any issue here involved) it was alleged that the petitioner was being held, on a warrant issued by the Governor of Alabama, on a requisition from the Governor of Tennessee; that the proceedings under the petition for requisition were regular in all things, and complied with the laws of the State of Tennessee. It is further alleged in the answer that petitioner was being held by virtue of a warrant issued by the Governor of Alabama on a requisition made upon him by the Governor of Tennessee, based upon a capias issued by C. L. Reed, Clerk of the Circuit Court of Giles County, Tennessee.

There is set out, and made as exhibits to the answer, the warrant of Frank M. Dixon, Governor of Alabama, authorizing the arrest of the petitioner as a fugitive from justice; the request for. extradition made by the Governor of Tennessee,' the Honorable Prentice Cooper, on the Governor of Alabama, the Honorable Frank M. Dixon, for the extradition of petitioner, a copy of what purports to be an indictment of the Grand Jurors of Giles County, Tennessee, charging petitioner with felony, in that he did remove a certain automobile from the State of Tennessee, upon which he had given a contract of conditional sale in which the title was retained in .the seller, without the written consent of the seller; a capias issued by the Clerk of the Circuit Court of Giles County, Tennessee, directed to the Sheriff of Giles County, commanding him to arrest the petitioner and to have him before the Circuit Court of Giles County, in the Court House in the town of Pulaski, Tennessee, on the fourth Monday in April. There nowhere appears in the record a certification of the alleged indictment made the basis of the request for extradition.

The State of Tennessee takes this appeal as certified to by the Clerk of the Circuit Court of Limestone County, Ala., in which Court the proceeding was pending. By agreement, the Honorable A. M. McConnell presided in the place of the Honorable A. A. Griffith, the Judge of the Circuit Court, who issued the preliminary writ, and before whom the cause was to be heard.

The petitioner moves this Court to dismiss the appeal on the ground that the State of Tennessee is not authorized, under the Statute, to take the appeal.

On the trial the petitioner was discharged by the trial judge from custody.

The petitition alleged that "the petitioner is illegally restrained of his liberty." In brief of counsel for appellee, the question is now raised that not one of the grounds for granting a writ of habeas corpus, as set out in Section 4332 of the Code of 1923, has been alleged in the original petition. There was no demurrer to the petition but the respondent made answer setting up the facts as hereinabove noted. Under the general allegation, that the petitioner is illegally restrained of his liberty together with answer of respondent, upon which the cause was tried and determined, it was proper for the court to take into consideration Sub-Division 4 of Section 4332 of the Code of 1923, which provides for a discharge of petitioner "where the process, though in proper form, was issued in a case, or under circumstances, not allowed by law." Under the practice in this State, parties litigant may

make up their own issues upon which causes are to be tried.

The only warrant for the arrest and detention of petitioner was the warrant of the Governor of the State of Alabama, and his legal detention depends upon whether or not that warrant was issued in a case, or under circumstances, not allowed by law.

It has many times been held in this State, in cases involving the extradition of a person charged with being a fugitive from justice from another State, the prisoner is legally held, when the return to the writ of habeas corpus shows: (1) a requisition for such person made by the executive of another State from which it is alleged such person fled; (2) a copy of the indictment or affidavit certified as authentic by the executive of the State making the requisition demand; and (3) the warrant of the Governor authorizing such person's arrest and detention. When these facts are made to appear by papers regular on their face, the weight of authority is to the effect that the prisoner is prima facie under legal restraint. Singleton v. State, 144 Ala. 104, 42 So. 23; Young v. State, 155 Ala. 145, 46 So. 580; Jones v. State, 18 Ala.App. 478, 93 So. 210; Ex parte Forbes, 17 Ala.App. 405, 85 So. 590; Thacker v. State, 20 Ala.App. 302, 101 So. 636; Ex parte Thacker, 212 Ala. 3, 101 So. 638.

The fact, however, that a prima facie case was established, as hereinabove indicated, does not preclude the court from looking behind the prima facie case to see whether or not the warrant of the Governor was issued in a case not authorized by law. Such warrant must be based upon a requisition from the Governor of Tennessee, accompanied by a certified copy of an indictment by the Grand Jury of Giles County, Tennessee, duly authenticated, as is required by law. In the absence of this indictment, so certified, the warrant of the Governor of the State of Alabama was not sufficient authority to hold the petitioner in custody. Godwin v. State, 16 Ala. App. 397, 78 So. 313.

The capias issued by the Clerk of the Circuit Court of Giles County, Tennessee, has no extra territorial power, and gives no authority to any person, to arrest and hold the petitioner outside of the State of Tennessee.

For want of a copy of the indictment, duly certified by the proper officers of Tennessee, the warrant of the Governor of the State of Alabama, though in proper form, was issued in a case not allowed by law. The trial court so held, and in this holding he did not commit error. His order, therefore, discharging the defendant is affirmed.

On the motion of petitioner to dismiss this appeal: Being controlled entirely by Statute, unless there is statutory authority for the appeal, none will lie.

Section 3238 of the Code of 1923, as amended by Gen.Acts 1927, p. 76, governing appeals in habeas corpus cases, provides: "when, on habeas corpus, any person held in custody under a charge or conviction for crime, or for extradition as a fugitive from justice from another State, is discharged from such custody; * * * the solicitor or other prosecuting officer or attorney may take an appeal in behalf of the State to the Supreme Court or Court of Appeals."

In the Statute, above cited, we find no authority for the State of Tennessee to prosecute an appeal in this case. The controversy is between the State of Alabama and the petitioner, based upon the warrant of the Governor.

The judgment is affirmed.

Affirmed.