### *EX PARTE* MOSCATO.

1. Requisition—Appeal—Exceptions.—On appeal from an order refusing to
   discharge a prisoner held under a mandate from the governor of this State
   on a requisition from the governor of another State, exceptions are too
   general ' to require consideration where the errors alleged are that the
   warrant is insufficient in law, the same not being in compliance with the
   Constitution and laws of the United States and of this State, and that no
   proper requisition had been made by the governor of the demanding State.
2. Ibid.—Requisites of Mandate.—The law does not require that the man-
   date to deliver for removal should recite those requirements of the act of
   Congress which justify the governor in issuing it.

Before Gary, J., Charleston, November, 1894.

Appeal by Toney Moscato from an order refusing his dis-
charge under *habeas corpus*.

*Messrs. Murphy, Farrow & Legare,* for appellant.

*Mr. W. StJ. Jervey,* solicitor, contra.

July 1, 1895.   The opinion of the court was delivered by

MR. JUSTICE GARY.   Toney Moscato, the appellant, by pe-
tition applied to Hon. Ernest Gary, then presiding as Circuit
Judge in Charleston County, for a writ of *habeas corpus,* alleging
that he was imprisoned and restrained of his liberty by Charles
J. Wade, and that the cause of his detention was not known to
him.    The writ was granted, and the return of Charles J. Wade
set forth: "That he holds the said prisoner by reason and vir-
tue of the mandate of his excellency the governor of the State
of South Carolina, issued in pursuance of a requisition from the
governor of the State of New York, whereby it is commanded
that the said fugitive, Toney Moscato, be delivered to Charles
J. Wade, who is authorized to receive and carry him to the
State of New York for trial, in accordance with the laws in
such case made and provided.    To which said requisition here
produced he craves reference."  Toney Moscato then presented
the following reasons for his discharge: "And the said Toney
Moscato in his own proper person cometh into court here, and
having heard the return to the writ of *habeas corpus* read, say-
eth: 1. That he ought to be discharged from his imprisonment
because, he says, that he is advised that the warrant annexed
to said return and made part thereof is not sufficient in law, in
this: that it does not recite that the governor of the demanding
State either produced or caused to be produced a copy of an
indictment found nor an affidavit made before a magistrate of
a State, showing that the person demanded is charged with
having committed the alleged crime in the State of New York,
nor that a copy of such indictment or affidavit was certified as
authentic by the governor of the State making the demand.
Nor is there any evidence before the court, save the said war-
rant and the return, and this he is ready to verify."    The
mandate referred to in the return of Charles J. Wade recites:
"Whereas a requisition has this day been received from his
excellency the governor of New York for the rendition of Toney

Moscato, who stands charged with a crime of grand larceny in the second degree, in said State, and who has escaped therefrom and taken refuge in the State of South Carolina."

Upon hearing the return to the writ and the traverse thereto, the presiding judge made an order remanding the prisoner to the custody of the agent of the State of New York, from which order the prisoner appealed to this court. An order was thereupon made by the presiding judge staying the execution of the order pending said appeal. Appellant's exceptions are: 1. That the warrant set out in the return herein is insufficient in law, the same not being in compliance with the Constitution and laws of the United States and of this State. 2. Because no proper requisition was made by the governor of New York on the governor of this State.

These exceptions fail to point out the specific errors complained of, and are too general for consideration by this court. But even if the exceptions were sufficient to raise the objection to the proceedings urged by the prisoner upon the hearing before the Circuit Judge, they could not be sustained. The objection there urged was, that the mandate was not sufficient in law, in that it failed to recite certain requirements of the act of congress of 1793, contained in section 5278, Rev. Stat. U. S. It was not contended that the requirements had not been complied with, except that they were not *recited* in the mandate. There is no provision of law requiring such recital. In the case of *Ex parte Swearingen*, 13 S. C., p. 83, the court says: "Another ground taken is, that even if the requisition from the governor of Georgia be, in every respect, in conformity with law, yet the mandate issued by the governor of this State was insufficient to authorize the arrest of the petitioner, inasmuch as it does not, in express terms, order the *arrest* of the prisoner, but only directs that he be *delivered* to the agent of the State of Georgia. We do not think it at all important to inquire whether the mandate was sufficient to authorize the arrest of the petitioner. The petitioner claims that he is illegally detained in the custody of the sheriff, and the only question before us is, not as to the legality of his arrest, but as to the legality of his detention, and

the cause shown for that is the mandate of the governor of this State, issued in pursuance of a requisition from the governor of Georgia. If that requisition is in conformity to the provisions of the act of congress, as we have already ascertained it to be, the mandate of the governor of this State, to deliver the prisoner to the agent of the State of Georgia, necessarily follows, and it matters not in this inquiry how the sheriff originally acquired the custody of the prisoner. *Dow's Case,* 18 Penn. St., 37. When he is brought before us, the return shows that he is now in custody by lawful warrant, for a lawful purpose."

It is the judgment of this court, that the order appealed from be affirmed.