7320

## TOWN OF RIDGELAND v. GENS.

1. INDICTMENT—AMENDING.—TOWN COUNCIL may amend an information and try case at once, where defendant makes no showing of surprise by amendment or prejudice by immediate trial.
2. LIQUORS—ORDINANCES.—A single sale of whiskey is a violation of an ordinance forbidding any sale.
3. AN ORDINANCE need not in terms restrict its operation to the town limits.
4. JURISDICTION.—A TOWN COUNCIL acquires jurisdiction of the person of a defendant when he appears before it on day set for trial and is represented by counsel.

Before PRINCE, J., Beaufort, September, 1908. Affirmed.

Indictment by Town of Ridgeland against William Gens. From judgment of Circuit Court, affirming judgment of town council, defendant appeals.

*Mr. W. B. deLoach,* for appellant.

*Mr. W. J. Thomas,* contra.

October 18, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Appellant was tried before the intendant of the town of Ridgeland and a jury, and convicted of selling whiskey. He was sentenced to pay a fine.

On appeal to the Circuit Court all his exceptions were over-ruled except one, which made the point that the intendant erred in not imposing an alternative sentence. The case was remanded for the purpose of having an alternative sentence imposed.

From the judgment of the Circuit Court the defendant appeals to this Court.

When the case was called for trial in the municipal court the defendant demurred to the warrant on the ground that it stated no offense, because it failed to allege the name of the person to whom the whiskey was sold, or the price paid therefor. The demurrer was sustained, and the warrant and information were amended to meet these objections. After amendment the information was acknowledged by the affiant before the intendant. The case was then ordered to trial against the objection of the defendant, who contended that he should be discharged.

Section 2003 of Volume I, Code of 1902, confers upon the mayors and intendants of cities and towns all the powers and authority of magistrates in criminal cases within the corporate limits and police jurisdiction of their respective cities and towns, and especially the power and authority to speedily try all offenders against the ordinances thereof in a summary manner.

Section 20 of Volume 2, Criminal Code of 1902, says that all proceedings before magistrates in criminal cases shall be commenced on information, under oath, plainly and substantially setting forth the offense charged, and that the information may be amended at any time before trial; and, further, that such proceedings shall be summary, with only such delay as a fair and just examination of the case requires.

There was, therefore, no error in amending the information and warrant and ordering the case to trial, especially as the defendant did not make it appear that he was surprised by the amendment, or would be prejudiced by an

immediate trial. *State* v. *Nash,* 51 S. C., 319, 28 S. E., 946.

There was evidence tending to prove that defendant made one sale of whiskey at his house, or on his premises, within the town, on the day specified in the warrant and information, but he contends that one sale is no offense. The ordinance, with the violation of which he was charged, reads as follows: "Whosoever shall sell, furnish, or suffer to be sold, any whiskey, or other intoxicants of any kind, in his, her or their house, on his, her or their premises, other than the regular dispensers of the State or county, such person or persons, on conviction by intendant or wardens, shall be punished," etc. A single sale of whiskey was a violation of the ordinance.

The appellant further contends that the municipal court had no jurisdiction of the subject matter of the charge, or of his person.

The exceptions do not specify wherein there was lack of jurisdiction of the subject matter, but we gather from the argument of appellant's attorney that the ground of objection to the jurisdiction is because the ordinance does not in terms restrict its operation to violations of it occurring within the corporate limits of the town. This objection is untenable. The ordinance could not have any extra-territorial force or effect. Necessarily it could apply only to violations within the town. The warrant charged, and the evidence tended to show, a violation of it within the limits of the town.

It appears from the record that the defendant had been arrested under the warrant and had given bond for his appearance at the trial; that he appeared, and was present during the trial, and was also represented by an attorney; and that he defended the case on the merits. In the face of these facts, it cannot be contended that the Court did not have jurisdiction of his person.

The judgment of the Circuit Court is affirmed.