10252

### EX PARTE MURRAY AND HARRIS.

(99 S. E. 798.)

1. HABEAS CORPUS—APPEAL BY STATE—EXTRADITION PROCEEDINGS.—The State has an appealable interest in a *habeas corpus* order releasing persons sought to be extradited pursuant to the Governor's warrant.

2. HABEAS CORPUS—NOTICE OF APPEAL—TIME.—Under Cr. Code 1912, sec 134, providing that *habeas corpus* appeals are governed by rules regulating civil appeals, and Code Civ. Proc. 1912, sec. 384, allowing ten days to appeal after receiving written notice of an order made in chambers, a *habeas corpus* order made in chambers, but not served upon adverse party, may be appealed more than ten days after date of order.

3. EXTRADITION — WARRANT — SUFFICIENCY.— An extradition warrant need not set forth or recite the affidavit or indictment on which it is based.

4. EXTRADITION— INTERSTATE— PRESUMPTION.—An extradition warrant not reciting evidence on which it was issued is presumably made upon a sufficient showing, although a refusal to allow the prisoner to inspect papers on which the warrant was issued would rebut such presumption.

5. EXTRADITION—WARRANT—SUFFICIENCY OF AFFIDAVIT.—An extradition affidavit "to the best of affiant's knowledge, information, and belief," without stating what facts were within his knowledge, or the sources of his information and belief, is defective, and a warrant issued thereon is invalid.

Before 'TOWNSEND, J., Sumter, at chambers, March 25, 1919. Appeal dismissed.

*Habeas corpus* proceedings by Isaac Murray and Christian Harris. From an order discharging relators, the State appeals.

*Mr. Morris C. Lumpkin, Assistant Attorney General,* for the State, appellant, cites: *As to the mandate of the Governor of South Carolina being sufficient without further or other papers of extradition:* 44 S. C. 335; Rev. Sts. U. S., sec. 5278; 13 S. C. 83. *As to the presumption that the Governor has acted according to law in the exercise of his constitutional function of extradition, unless it be shown to*

*the Court, or the Court, by inquiry and review into such
action, shall find otherwise:* 44 S. C. 335; 13 S. C. 83; 188
U. S. 691.   *As to the act of the Circuit Judge in releasing
the accused without examination into the action of the Gov-
ernor, being in effect an invasion of the executive function:*
U. S. Constitution, art. IV, sec. 2; U. S. Rev. Stats., sec.
5278; sec. 7, vol. II, Code of Laws of S. C.; 13 S. C. 77.
*As to the duty of this State in the present case, whether of
executive or judicial nature:* 13 S. C. 81.

*Messrs. L. D. Jennings* and *A. S. Harby,* for Isaac Mur-
ray, respondent, and *Mr. John H. Clifton,* for Christian
Harris, respondent, cite: *As to the motion to dismiss on the
ground that the matter is not appealable by the State of
South Carolina:* Code of Civil Procedure, sections 374, 376;
Crim. Code, sec. 134; 95 S. C. 315; 13 S. C. 74.   *As to the
right to extradition between the States:* U. S. Constitution
and the statute passed in pursuance thereof; U. S. Revised
Statutes, section 5278; 72 Neb. 703; 101 N. W. 1045; 117
Am. St. Rep. 117; 103 Ga. 465; 68 Am. St. Rep. 122; 116
U. S. 80; 29 U. S. (L. Ed.) 516; 196 U. S. 369; 49 U. S.
(L. Ed.) 516; 188 U. S. 691; 47 U. S. (L. Ed.) 660; 11
R. C. L. 748; 89 Pac. 291; 11 L. R. A. (N. S.) 424; 13
S. C. 74; 188 U. S. 691; 47 L. Ed. U. S. 660.   *As to the
mandate of the Governor of South Carolina, no other papers
being before the Court, not showing that respondents were
substantially charged with treason, felony or other crime, by
indictment, or affidavit, sworn to before a magistrate:* 63
Ind. 344; 30 Am. Rep. 217; 11 R. C. L. 748; 306 C. C. A.
354; 116 U. S. 80; 6 Sup. Ct. Rep. 291; 29 L. Ed. 544; 114
U. S. 642; 6 Sup. Ct. Rep. 1148; 29 L. Ed. 250; 18 Fed.
888; 9 Saw. 417; 3 McLean 121; Fed. Cas. No. 12, 968;
84 N. Y. 438; 25 Tex. Appeals 372; 8 Am. St. Rep. 440;
18 Fed. 898; 3 McLean 121; — Tex. 635; 84 N. Y. 438;
11 L. R. A. (N. S.) 426; 34 Minn. 115; 24 N. W. 354;
28 L. R. A. 801; 63 Fed. 249; 13 S. C. 74 (differentiated);

44 S. C. 335 (differentiated). *As to the insufficiency of the affidavit presented to the Governor of South Carolina by the Governor of Georgia:* 95 S. C. 323; 180 U. S. 371; 45 U. S. (L. Ed.) 577; 3 McLean 121; Fed. Cas. No. 12, 968; 6 Fed. Rep. 34; (1900) 2 Ch. 753; 14 Wend. 237; 7 Hill 187; 17 Mich. 473; 28 L. R. A. 801; 63 Fed. 249; 18 Fed. Rep. 898; 20 Fed. Rep. 298; 88 Calif. 640; 22 Am. St. Rep. 341; 43 Mich. 451; 28 S. C. 181; 33 S. C. 251; 50 S. C. 201; 31 S. C. 307; 31 S. C. 447-8; 6 S. C. 169.

June 15, 1919.

The opinion of the Court was delivered by Mr. Justice Hydrick.

Upon the requisition of the Governor of the State of Georgia and certain documents attached thereto, which were duly authenticated, his Excellency, the Governor of this State, issued his warrant for the arrest and delivery of the respondents to the agent of the State of Georgia, to be carried to that State for trial on the charge of burglary. The Governor's warrant recites:

"Whereas a requisition has this day been received from his Excellency, the Governor of Georgia, for the rendition of Isaac Murray and Christian Harris, who stand charged with the crime of burglary in said State, and who have escaped therefrom and taken refuge in the State of South Carolina; now, therefore," etc.

Then follows the warrant in usual form. There was nothing attached to the warrant, and no recital therein, to show upon what it was issued, whether upon indictment, affidavit, or whether the supporting matter had been duly authenticated.

Having been arrested upon this warrant, respondents sued out a writ of *habeas corpus* before Judge Townsend, who heard the return thereto on March 25th last, the same day that it was issued. The time of the hearing was advanced by request of the agent of Georgia, with consent of respond-

ents. But before proceeding with the hearing, his Honor sent for the Solicitor of the Third Circuit, who appeared and represented the State. On hearing the return, his Honor discharged respondents, holding that the warrant was insufficient to authorize their retention or extradition, because there was no copy or other evidence of their indictment or of an affidavit charging them with an extraditable offense, attached to the warrant. Thereafter, on April 3d, by direction of the Governor, the Attorney General moved his Honor to rescind his order of March 25th, on the ground, among others, that the Governor's warrant was sufficient, and moved, also, that the hearing be opened, in order that the State might introduce in support of the warrant the record of the proceedings upon which the Governor issued it. The motion was refused in a formal order; no reason being assigned. These proceedings were all at chambers. On April 8th, more than ten days after respondents had been released, the Attorney General served notice of appeal by the State; and on May 21st moved this Court for leave to docket the appeal and have the same heard at the term then in session. It was thereupon ordered that the case be submitted on printed arguments; that respondents have leave to move to dismiss the appeal, on the ground that the State of South Carolina has no appealable interest in the matter, and on the further ground that the notice of appeal was not served within the time required by law; and it was further ordered that, in the event this Court should consider the merits, and conclude that Judge Townsend was in error in holding the Governor's warrant insufficient, respondents should have leave to sustain his order on additional grounds, to be made in the record for appeal. Both sides asked that such additional sustaining grounds be considered, as that would obviate the necessity of, the new proceeding, if respondents should again be arrested; and, for that purpose, the entire showing upon which the Governor issued his warrant was set out in the record.

The motion to dismiss must be refused. The State has a legal interest in the proceeding, and has the right to appeal from the order in question. In issuing the warrant of extradition, the Governor acts for the State in the discharge of its duty to a sister State, under the Constitution and laws of the United States, with respect to the extradition of fugitives from justice; and, therefore, the State has the right to question the validity of an order which interferes with its chief executive in the discharge of that duty.

The notice of appeal was in time. Appeals from final decisions in *habeas corpus* are governed by the rules regulating appeals in civil cases. Crim. Code, sec. 134. In civil cases, appellant has ten days after service upon him of written notice of the granting of an order within which to serve his notice of appeal, where such order is granted at chambers. Code Civ. Proc., sec. 384. As no written notice of the filing of the order was served, the notice of appeal was in time.

It may be conceded that the weight of authority elsewhere supports the contention of respondents that the warrant of extradition should set forth or recite the affidavit or indictment upon which it is issued, and should recite that the same was duly authenticated. 11 R. C. L. 747. But this Court has held that the act of Congress does not require it, and therefore it is not a necessary prerequisite to the validity of the warrant. *Ex parte* Moscato, 44 S. C. 337, 22 S. E. 308. Under that case, we must hold that the Governor's warrant was at least *prima facie* sufficient. Clearly so, if it had contained the recitals stated. *Hyatt v. People,* 188 U. S. 691, 711, 23 Sup. Ct. 456, 47 L. Ed. 657. The Courts must presume, at least until the contrary is made to appear, that the showing upon which the Governor acted in issuing his warrant was legally sufficient. It is argued, however, that, unless the indictment or affidavit be attached to the warrant, the person arrested

would have no way of knowing the cause of his arrest and detention, since he would have no way of compelling the Governor to allow him to inspect the originals, or to produce them, or to furnish copies of them. This argument assumes the possibility of capricious or arbitrary action on the part of the Governor, which a due respect to a co-ordinate department of the government requires the Court to reject. The Court must presume that the Chief Executive of the State will perform his duty according to law; and, as the sufficiency of the showing upon which he issues his warrant for extradition is jurisdictional and a judicial question, and therefore subject to review by the Court, the Court would not be warranted to assume even the possibility of the Governor's refusing to accord to any citizen a right to which he is entitled under the law. The refusal of a right so vital to the liberty of a citizen would be deemed sufficient to rebut the *prima facie* sufficiency of the warrant, and justify the Court in holding it insufficient.

This brings us to the consideration of the ground upon which we are asked to sustain Judge Townsend's order, to wit: That the affidavit upon which the Governor's warrant was issued was insufficient in law. The affidavit is sufficient in substance to charge respondents with the crime of burglary; but it is fatally defective in form, in that the facts set forth are sworn to "to the best of his (affiant's) knowledge, information, and belief," without stating what facts were within his knowledge, and what were stated upon his information and belief, and without setting forth the sources of his information or grounds of his belief. Under such an affidavit, a citizen might be deprived of his liberty, and carried to a distant State, where he has neither friends nor property, and where even his good name would not avail him, upon the belief of the affiant, which, when sifted, would amount to nothing but a mere suspicion. The law requires that at least probable cause shall be made out. It need not be stated with tech-

nical accuracy. It is enough if it be stated substantially, so as to lead a fair and reasonable mind to conclude that a *prima facie* case of guilt has been made out. This must appear before the Governor is authorized to issue his warrant. *Roberts v. Reilly,* 116 U. S. 80, 95, 6 Sup. Ct. 291, 29 L. Ed. 544.

We must not be understood as holding that the affiant must have actual knowledge of the facts constituting the offense, or of any of them. An affidavit based upon information and belief is deemed sufficient, if the facts stated make out a probable case, and if the sources of information and grounds of belief are stated. Unless this is done, the accused is not legally charged with having committed a crime.

In *Rice v. Ames,* 180 U. S. 371, 372, 21 Sup. Ct. 406, 407 (45 L. Ed. 577), the Court said:

"The first assignment of error is to the effect that the commissioner issuing the warrant had no jurisdiction, because the complaint of Greer was upon information and belief, and not such as was required by the treaty, or by section 5270 of the Revised Statutes (U. S. Comp. St., sec. 10110). The first two complaints, which were dismissed, as well as the first count of the complaint under which the proceedings were finally had, were obviously insufficient, since the charges were made solely upon information and belief, and no attempt was made even to set forth the sources of information or the grounds of affiant's belief. This is bad, even in extradition proceedings, which are entitled to as much liberality of construction in furtherance of the objects of the treaty as is possible in cases of a criminal nature. * * * A citizen ought not to be deprived of his personal liberty upon an allegation which, upon being sifted, may amount to nothing more than a suspicion. While authorities upon this subject are singularly few, it is clear that a person ought not to be arrested upon a criminal

charge upon less direct allegations than are necessary to authorize the arrest of a fraudulent or absconding debtor" (citing authorities).

See, also, 11 R. C. L. 743, and cases cited in notes; also note in Third Federal Statute Ann. (2d Ed.) 292.

While the order appealed from was granted upon an erroneous ground, it must be sustained upon the ground that the affidavit upon which the Governor's warrant was issued was insufficient in law to authorize its issuance.    The appeal is therefore dismissed.

Appeal dismissed.

WATTS, J.   I dissent.   After the Governor acts and grants requisition the Courts cannot question the validity of his acts.