## 11904

### STATE v. DUPRE

#### (131 S. E., 419)

1. HOMICIDE—TRIAL JUDGE ERRED IN NOT CHARGING THAT WARRANT UNDER WHICH ATTEMPT WAS MADE TO SEARCH ACCUSED'S HOUSE WAS NOT LEGAL SEARCH WARRANT.—In murder prosecution, failure of trial Judge to charge that warrant with which officers were attempting to search defendant's house was not legal search warrant was error, where one of officers was killed in attempt to search accused's home with search warrant, which did not conform to Cr. Code 1922, § 857.

2. SEARCHES AND SEIZURES—SEARCH WARRANT HELD A NULLITY.—Search warrant, issued by a magistrate between midnight and 1 o'clock in the morning, with nothing to show that officer seeking warrant read or signed affidavit or knew what was in it, *held* to be a nullity.

3. SEARCHES AND SEIZURES—THERE SHOULD BE STRICT COMPLIANCE WITH LAW BEFORE MAGISTRATE ISSUES WARRANT TO SEARCH PERSON'S HOUSE.—There should be strict compliance with law before a magistrate issues warrant to search a person's house.

Before DENNIS, J., Marlboro, Summer Term, 1924. New trial granted.

Tom DuPre was convicted of murder and he appeals.

*Mr. J. K. Owens* and *Tison & Miller,* for appellant, ·cite: *R'equisites of affidavits as to information on which search warrant may issue:* Crim. Code 1922, Sec. 857. *Case distinguished:* 69 L. Ed., 518. *Warrant issued on unsworn statements·void:* 61 S. C., 237; 51 S. C., 51; 40·S. C., 507; · 9 S. C., 309. *S'earch of dwelling in night-time prohibited:* Crim. Code 1922, Sec. 853.

*Messrs. M. J. Hough, S'olicitor, F. A. Miller, Acting Solicitor,* and *Tom C. Hamer,* for respondents, cite: *What exceptions must contain:* Rule V of Supreme Court, 1922, Sec. 6; 116 S. C., 436; 116 S. C., 375; 114 S. C., 332; 99 S. C., 217; 95 S. C., 385; 90 S. C., 473; 52 S. C., 474; 48 S. C., 430; 44 S. C., 373; 43 S. C., 99; 42 S. C., 281.. *Validity of search warrant immaterial under circumstances:* 130 S. C., 426; 80 S. C., 332; 218 U. S., 161; 54 L. Ed., 981; Wharton on Homicide, Sec. 392; 30 C. J., 215; 29 C. J., 1093; 1 Hill, 327. *Officers may use force sufficient to effect arrest:* 1 Hill, 327. *Party subject to arrest, recognizing officer, resists at his peril:* 72 S. C., 104. · *Officer known to party sought:* 104 S. C., 358; 36 S. C., 493. *Official character of officer prima facie presumed to be known:* 104 S. C., 358. *Officer in constructive possession of warrant:* 104 S. C., 358. *What defenses may be interposed to the killing of de facto officer making arrest:* 86 S. C., 503. *Officer empowered to arrest on sight may arrest on hearing:* 36 S. C., 493. *Powers of rural policemen:* 33 S. C. Stat., 1783. *Arrest without warrant authorized:* Crim. Code 1922, Secs. 854 and 859. *Jury to say if oath was administered to affiant:* 76 S. C., 135. *Oath may be taken informally:* 120 S. C., 154; 45 S. C., 69. *When search may be made:* 89 S. C., 492. *Amount of force used to resist arrest, question for jury:* 126 S. C., 528; 89 S. C., 501..

January 26, 1926.

The opinion of the Court was delivered by Mr. Justice Watts.

"Tom DuPre was charged with the murder of B. H. Hatcher, and tried on such indictment at the summer term, 1924, of General Sessions for Marlboro County. On this trial he was found by the jury guilty with a recommendation of mercy. From this verdict and the sentence of the Court to life imprisonment, he now appeals."

The exceptions are fourteen in number, and need not be considered *seriatim,* as the trial Judge was in error in not charging the jury that the warrant under which the officers were attempting to search the defendant's house was not a legal search warrant and that it was a nullity. The Judge should have so charged the jury. His charge to the jury practically told the jury that the officers had the right to be where they were—at the defendant's house—whereas the officers were attempting to act under an alleged search warrant which was a nullity, in that it did not conform to Section 857 of the Criminal Code and the decisions of this Court in *State v. Wimbush,* 9 S. C., 309. *Davis v. Sanders,* 40 S. C., 507; 19 S. E., 138. *State v. Higgins,* 51 S. C., 51; 28 S. E., 15; 38 L. R. A., 561. *Florence v. Berry,* 61 S. C., 237; 39 S. E., 389, and in addition to this no affidavit was made.

The two officers went to the home of the Magistrate between midnight and 1 o'clock in the morning and asked for a search warrant. The Magistrate asked, "Who was going to swear out the search warrant?" The deceased told the Magistrate that he was. The Magistrate then asked who was going to serve the warrant. The deceased told the Magistrate that Mr. Dougherty was going to serve the warrant. The testimony shows that the Magistrate knew the person who swore out the warrant could not serve it.

There is nothing to show that the deceased read the alleged affidavit or that it was read by the Magistrate to him. He certainly did not sign it. He did

not know what was in the affidavit. There was no affidavit before the Magistrate at all. There was not a compliance with the law as to the search warrant. The search warrant was a nullity, and the officers were not acting under a legal warrant.

Such a condition is to be deplored. By reason of such a loose way in issuing a warrant, one citizen of this State has been killed, a man's house illegally searched, the owner of the house in custody and convicted of murder of the officer.

There should be a strict compliance with the law before a Magistrate should issue a warrant to search a person's house. Rich, poor, and humble are equal in law. The poorest and humblest are entitled under law to equal protection.

The exceptions as to the search warrant must be sustained and a new trial granted.

Mr. Justice Cothran and Messrs. Acting Associate Justices R. O. Purdy and C. J. Ramage concur.

Mr. Chief Justice Gary did not participate.