72 So.2d 861

### JOHNSON v. STATE.

### 7 Div. 227.

Court of Appeals of Alabama.

Feb. 10, 1953.

Rehearing Denied March 3, 1954.

Affirmed on Mandate May 18, 1954.

C. A. Wolfes, Fort Payne, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., and Thos. M. Haas, Montgomery, of counsel, for the State.

PRICE, Judge.

Appellant petitioned the Judge of the Circuit Court of DeKalb County for a writ of habeas corpus, seeking his discharge from the custody of the sheriff of said county, alleging that he was being restrained of his liberty "under a bench warrant executed by one Claude Thompson, Clerk of Bartholomew Circuit Court of Indiana, directed to the Sheriff of DeKalb County, Alabama, or under what appears to be a Governor's requisition by Honorable Gordon Persons, Governor of Alabama, which is not accompanied by a certified copy of the alleged crime charged to petitioner," attaching to the petition copies of said bench warrant and rendition warrant of the Governor of Alabama.

The return of the sheriff in response to the preliminary writ, justified the arrest of petitioner under an extradition warrant issued by the Governor of Alabama upon requisition of the Governor of Indiana, and recited that petitioner was then at liberty under bond set by the Judge of the Ninth Judicial Circuit.

Petitioner filed answer to the Sheriff's return, setting up as further grounds for his discharge, among others, that the warrant of the Governor of Alabama is void because the copy of the indictment was not attached to the extradition warrant and was not authenticated by the Governor of Indiana, as provided by the acts of congress and the statutes of Alabama.

The State, over appellant's objection, introduced on the trial: (a) copy of an indictment from the Bartholomew Circuit Court of Indiana, charging appellant with the offense of "Wilful Failure to provide for children under Fourteen years of age;" (b) certificate of Claude Thompson, Clerk of said court, that the copy of the indictment is a true and complete copy of the indictment as it appears of record in his office; (c) certificate of Judge George W. Long, Judge of Bartholomew Circuit Court, to the effect that Claude Thompson was, at the time of making the above certificate, the duly elected and qualified keeper of the seal, clerk of the court and custodian of files and records of said court, and that his official acts are entitled to full faith and credit; (d) certificate of Claude Thompson, clerk, etc., to the effect that George W. Long was at the time of signing the above certificate, the duly elected, qualified and acting Judge of said court; (f) the warrant

of the Governor of Alabama, which recites in part:

"Whereas, His Excellency, *Henry F. Schricker* Governor of the State of *Indiana,* by requisition dated the *28th* day of *May* 1952 has demanded of me, as Governor of the State of Alabama, the surrender of *Charles E. Johnson* who, it appears, is charged by *indictment,* in the county of *Bartholomew* in said State, with the crime of *wilful failure to provide for children under fourteen years of age, as shown by Indictment* (a duly certified copy of which *indictment* accompanies said requisition) and it appearing that said *Charles E. Johnson* has fled from justice in said State and taken refuge in the State of Alabama."

together with (g) the return of the sheriff to the preliminary writ, and (h) his return showing he had executed the Governor's warrant and committed appellant to jail. The court sustained petitioner's objection to the introduction of (e) application to the Governor of Indiana for requisition to the Governor of Alabama for the rendition of appellant by the prosecuting attorney of the 9th Judicial Circuit of Indiana.

Thereupon the State rested and counsel for appellant made demand upon the State for the production of the requisition warrant of the Governor of Indiana and for a copy of the indictment authenticated as required by the acts of congress and the statutes of Alabama.

The State's answer to the demand was:

"The Solicitor's office nor the Sheriff's office, or any one connected with the prosecution of this case has the requisition or demand for extradition of the Governor of Indiana addressed to the Governor of Alabama, upon which the Governor of Alabama's warrant was based; and the State further says that a duly certified copy of the indictment has already been introduced in this case before the demand was made."

The Solicitor stated further that the State could not account by any witness for the whereabouts of the demand of the Governor of Indiana.

Petitioner moved for a continuance so that he might have an "opportunity to secure the requisition of the Governor of Indiana upon the Governor of Alabama for the extradition of petitioner, for the purpose of securing a properly authenticated copy of the indictment upon which this proceeding is based." The State objected to a continuance. The court overruled petitioner's motion and petitioner excepted.

From an order denying the writ of habeas corpus and remanding petitioner to the custody of the sheriff, this appeal is prosecuted.

The law requires the Governor of the asylum State to find certain jurisdictional facts before issuing his warrant, these being, in general: (1) That the person charged has been demanded as a fugitive from justice by the executive of the State from which he fled; (2) that the requisition was accompanied with a copy of an indictment found, or affidavit made before a magistrate; (3) that the copy of the indictment or the affidavit was duly certified as authentic by the executive of the State making the demand. Title 18 U.S.C.A. § 3182; Title 15, Section 50, Code 1940; Compton v. State, 152 Ala. 68, 44 So. 685; Thacker v. State, 20 Ala.App. 302, 101 So 636; Russell v. State, 251 Ala. 268, 3; So.2d 233.

This proceeding was instituted under Section 5 of the Uniform Reciprocal Enforcement of Support Act, Act No. 879, General and Local Acts of Alabama, 1951, page 1515. This section adds the crime of nonsupport to the list of those crimes in the field of extradition for which the Governor may demand or surrender a suspected criminal, and provides: "The provisions for extradition of criminals not inconsistent herewith shall apply to any such demand although the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and although he had not fled therefrom." And "Neither the de-

mand, the oath nor any proceedings for extradition pursuant to this section need state or show that the person whose surrender is demanded has fled from justice, or at the time of the commission of the crime was in the demanding or the other state."

It has been stated many times that the recitals in the Governor's rendition warrant as to the necessary jurisdictional facts establishes a prima facie case for the legal detention of the petitioner. Singleton v. State, 144 Ala. 104, 42 So. 23; Denson v. State, Ala.App., 57 So.2d 830, 831, certiorari denied 257 Ala. 184, 57 So.2d 832 and cases there cited.

The presumption is that the Governor has performed his duty in all respects according to law.

In the case of Denson v. State, supra, this court held, in an opinion by Presiding Judge Carr:

"The fact of the establishment of the prima facie case does not preclude the petitioner from showing that the governor issued the warrant without authority of law. The bar to a right so vital to the liberty of a citizen would be deemed extremely unfair.

"The Supreme Court of South Carolina in the case of Ex parte Murray, 112 S.C. 342, 99 S.E. 798, 5 A.L.R. 1152, held that a refusal to allow the petitioner to inspect the requisition and accompanying papers, or, after demand, refusal to produce them (or copies) will rebut the prima facie sufficiency of the governor's warrant."

For the failure or refusal, after demand, to permit appellant to inspect the allied papers, the judgment of the lower court must be reversed and the cause remanded.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Johnson v. State, Ala.Sup., 72 So.2d 863.